**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **BRANDY MCCREARY** <br> 4402 Lewis Ave <br> Toledo, Ohio 43612 <br> Plaintiff, <br> v. <br><br> **RESCARE, INC.** dba **RESCARE HOMECARE** <br> Corporation Service Company <br> 50 West Broad Street Suite 1330 <br> Columbus, Ohio 43215 <br><br><br><br> Defendant. | * <br> * <br> * <br> * <br> * <br><br> * <br> * <br><br> * <br><br> * <br> * | Case No. <br><br> Judge <br><br> **COMPLAINT; JURY DEMAND ENDORSED HEREON** <br><br> Francis J. Landry   (0006072) <br> Katherine A. Pawlak (0086885) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone:  (419) 243-1239 <br> Facsimile:  (419) 243-2719 <br> Flandry308@aol.com <br> kpawlak@wblhlaw.com <br> Attorneys for Plaintiff <br> Brandy McCreary |

\* \* \* \* \* \* \* \*

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 42 U.S.C. Section 1981 known as the Civil Rights Act of 1866 and 1871. This action, in part, is one for money damages and reinstatement, resulting from an alleged unlawful termination of employment in violation of the aforementioned civil rights act. Venue is proper in the Northern District of Ohio District Court, as the acts which gave rise to the causes of action complained of herein took rise in Lucas County, Ohio. Plaintiff further

invokes the supplemental jurisdiction of this Court pursuant to Ohio Revised Code Sections 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended for claims of racial and gender based discrimination.

## PARTIES

2. Plaintiff, Brandy McCreary, is a citizen of the United States and a resident of the City of Toledo, County of Lucas, State of Ohio, who has been employed with Defendant from August of 2015 until her termination. At all times material hereto, Plaintiff was an employee of an employer within the meaning of Chapter 4112 of the Ohio Revised Code in that it employed at all times material hereto more than four (4) employees.

3. Defendant ResCare Ohio, Inc. doing business as "ResCare Homecare. ("Rescare" or "Defendant") is a corporation duly organized under Kentucky law operating a group home in the City of Sylvania, County of Lucas, State of Ohio. Defendant at all times had more than four (4) employees is also an employer within the meaning of Ohio Revised Code Chapter 4112.

## GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from August of 2015 until her termination in August of 2019.

5. Plaintiff is an African American individual.

6. Plaintiff's most recent position with Defendant was as a Nurse Manager.

7. Plaintiff was well qualified for her position as a Nurse Manager and is a Licensed Practical Nurse.

8. In August of 2019 an incident occurred with a resident. Plaintiff had been attempting to give the resident his medications. He screamed "no" and grabbed his plate, about to throw it.

9. Plaintiff grabbed the plate with her left hand, and the resident bit Plaintiff's arm. Plaintiff performed an approved bite release technique. The resident then fell out of his chair, and grabbed Plaintiff's shirt.

10. Another employee was present, but did not assist Plaintiff.

11. A third employee assisted Plaintiff, and removed the resident from on top of Plaintiff. The resident was helped into his chair.

12. Plaintiff wrote an incident report related to the incident.

13. The next morning, Plaintiff was told by her supervisor that she was told Plaintiff had smacked the resident. Plaintiff was suspended from working for an investigation.

14. During the "investigation," Defendant questioned the employee who made the allegations against Plaintiff, and the resident. No other competent residents were questioned.

15. Defendant reported the incident to the Department of Developmental Disabilities and the Ohio Nursing Board. The result of the investigation by those bodies was that the incident was unintentional.

16. Defendant pressed for criminal charges, with false allegations that Plaintiff slapped, punched, and hit the resident.

17. Thereafter, Plaintiff was terminated on August 28, 2019.

18. Plaintiff filed an appeal with Defendant related to her termination.

19. The police and Board of Nursing closed the case against Plaintiff with no charges being filed.

**FIRST CLAIM FOR RELIEF**
**42 USC 1981, Racia Discrimination**

20. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully restated herein.

21. Plaintiff is an African American individual and was employed by Defendant.

22. Plaintiff was well qualified for her position, and performed her job well.

23. Plaintiff was terminated, and was treated differently than Caucasian employees. Caucasian employees were not reported to the Board of Nursing, Department of Developmental Disabilities, or police, for the same incident Plaintiff was involved in.

24. Furthermore, Defendant did not make false statements about Caucasian employees to outside agencies, although it made false statements about Plaintiff in an effort to remove her from her duties. Furthermore, a Caucasian supervisor committed the same alleged rule violations as Plaintiff but was not disciplined or terminated.

25. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and performed a proper bite release technique. Caucasian employees involved in the incident were not reported to the Board of Nursing or Department of Developmental Disabilities.

26. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of 42 U.S.C. Section 1981.

27. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Ohio Revised Code Section 4112.02, Racial Discrimination**

28. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-seven (27) of this Complaint, supra, by reference in its entirety as if fully restated herein.

29. Plaintiff is an African American individual and was employed by Defendant.

30. Plaintiff was well qualified for her position, and performed her job well.

31. Plaintiff was terminated, and was treated differently than Caucasian employees. Caucasian employees were not reported to the Board of Nursing, Department of Developmental Disabilities, or police, for the same incident Plaintiff was involved in.

32. Furthermore, Defendant did not make false statements about Caucasian employees to outside agencies, although it made false statements about Plaintiff in an effort to remove her from her duties. Furthermore, a Caucasian supervisor committed the same alleged rule violations as Plaintiff but was not disciplined or terminated.

33. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and performed a proper bite release technique. Caucasian employees involved in the incident were not reported to the Board of Nursing or Department of Developmental Disabilities.

34. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her race in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

35. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**THIRD CLAIM FOR RELIEF**

## Ohio Revised Code Section 4112.02, Gender Discrimination

36. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-five (35) of this Complaint, supra, by reference in its entirety as if fully restated herein.

37. Plaintiff is a female individual and was employed by Defendant.

38. Plaintiff was well qualified for her position, and performed her job well.

39. Plaintiff was terminated, and was treated differently than male employees who were not terminated for the same reasons as Plaintiff.

40. Defendant's alleged reasoning for Plaintiff's termination was false and pretextual. Plaintiff was performing her job well, and performed a proper bite release technique. Other employees involved in the incident were not reported to the Board of Nursing or Department of Developmental Disabilities.

41. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of her gender in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

42. As a proximate result of the actions of Defendant complained of herein, Plaintiff has suffered personal and financial damage, harassment, and great mental and emotional stress, anxiety, humiliation and embarrassment. Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for lost back and front wages, compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney's fees. Plaintiff also seeks her costs and attorney's fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

**s/Francis J. Landry**
Francis J. Landry
Attorney for Plaintiff, Brandy McCreary

## JURY DEMAND

Plaintiff demands a jury trial as to all issues to triable in the within cause.

s/Francis J. Landry
Francis J. Landry